```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/2015

------------------------------------------------------------X
                                                            :
ANIL DHAWAN,                                                :
                                         Petitioner,        :
                                                            :    15 Civ. 3065 (LGS)
                  -against-                                 :    13 Cr. 0711 (LGS)
                                                            :
UNITED STATES OF AMERICA,                                   :    **OPINION AND ORDER**
                                         Respondent.        :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Petitioner Anil Dhawan brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Dhawan moves to vacate or set aside the sentence of 15 months' imprisonment and seeks instead a sentence of "six months or less" on the ground that the Government breached the plea agreement. For the following reasons, the petition is denied.

**I.**  **BACKGROUND**

      **A.**  **Guilty Plea**

      On April 23, 2014, Dhawan pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344. In the plea agreement, the parties agreed that (1) the applicable Guidelines range was 27 to 33 months' imprisonment and (2) "neither a downward nor an upward departure . . . is warranted." The plea agreement stated that the parties agreed that "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 2582(c), of any sentence within or below the stipulated Guidelines Range of 27 to 33 months' imprisonment."

The agreement further noted that "[t]his Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive."

The agreement acknowledged that "because [Dhawan] is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences." Accordingly, the parties "further agreed that defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction." The agreement concluded that "this Agreement does not bind any federal, state, or local prosecuting authority other than this Office."

At the April 23 hearing, after the Court asked a series of questions to determine that Dhawan was competent to plead guilty, he was placed under oath. Dhawan then confirmed that he "had the opportunity to discuss the case with [his] lawyer . . . the consequences of pleading guiltily," and was "satisfied with [his] attorney and his representation . . . ." He also confirmed that there was no "agreement or promise or understanding between [himself] and the government that is not set forth in th[e plea] agreement." When asked about immigration consequences that he potentially faced as a result of his plea, Dhawan confirmed that he "underst[ood] that there is a strong possibility that [he] will be deported" after completion of his sentence. His counsel confirmed discussing with Dhawan "possible, or likely, immigration consequences" of the guilty plea.

### B. Sentencing

On September 24, 2014, Dhawan was sentenced to 15 months' imprisonment, followed by three years of supervised release. The 15-month term of imprisonment was substantially below the stipulated Guidelines range of 27 to 33 months. At sentencing, the Court advised Dhawan:

> You are here illegally and the worst part about your sentence probably has nothing to do with me because I have no control and no power over the immigration authorities, it is very likely as you acknowledge in your plea agreement that when you are released from prison, you will be deported and will not be permitted to come back to this country. That is not a decision in my hand. That is a decision in the hands of the immigration officials.

Judgment was entered on September 24, 2014, and no direct appeal from the judgment was filed.

### C. This Petition

On April 13, 2015, Dhawan filed this petition seeking to vacate, set aside or correct his sentence. As clarified in his reply brief, Dhawan argues that he is entitled to this relief due to the Government's alleged breach of the plea agreement.[1] Specifically, he alleges that, in contravention of the plea agreement, the Government failed to apprise him of the "harsh conditions of confinement" he now endures, including his ineligibility for placement in certain facilities or programs, "unusually horrendous conditions of confinement" and the additional

---

[1] Dhawan's opening brief asserts that there were at least "three bases for a further downward variance, that were not addressed by defense counsel," and based on this language, the Government's opposition brief construed Dhawan's petition to allege ineffective assistance of counsel. In his reply, however, Dhawan makes clear that his petition is not based on an "ineffective assistance of counsel" theory. He states that "failure to disclose harsh conditions of confinement as a basis for downward variance does not constitute ineffective assistance of counsel but a breach of the plea agreement," and "The prosecution's 'ineffective assistance of counsel' argument is a classic red herring." This Opinion therefore does not address this argument. *See Messam v. Laclair*, No. 13 Civ. 5553, 2014 WL 4449792, at *2 n.3, *5 n.1 (S.D.N.Y. Sept. 9, 2014) (not addressing merits of claims that petitioner "expressly renounced" in amended petition and reply).

period of detention he would face while awaiting removal.  Dhawan also asserts that he is entitled to a reduction of sentence because the Court had not considered that he would be forced to "rebuild[] his life in a foreign[,] less developed country . . . upon being deported."

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "In ruling on a § 2255 petition, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Martinez*, Nos. 13 Civ. 3454, 09 Crim. 1022, 2014 WL 7146846, at *4 (S.D.N.Y. Dec. 12, 2014) (alteration in original) (quoting 28 U.S.C. § 2255(b)).

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."  *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks omitted).  To prevail on a collateral attack, a petitioner must show "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

"A court must construe a *pro se* litigant's submissions liberally and interpret such submissions 'to raise the strongest arguments that they suggest.'"  *Hill v. United States*, No. 11 Crim. 145, 2014 WL 104565, at *3 (S.D.N.Y. Jan. 7, 2014) (quoting *Fulton v. Goord*, 591 F.3d

37, 43 (2d Cir. 2009)). "Still, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III.    DISCUSSION

Dhawan's petition is dismissed, as he knowingly and voluntarily waived his right to challenge his sentence under § 2255 in the plea agreement, and no breach of the plea agreement -- which would render his plea unenforceable -- took place.

"Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), and "knowing and voluntary waiver[s] of the right to litigate pursuant to Section 2255 [are] also valid and enforceable," *Abramo v. United States*, No. 12 Civ. 1803, 2014 WL 1171735, at *8 (S.D.N.Y. Mar. 21, 2014). "A waiver is knowing if the 'defendant fully understood the potential consequences of his waiver.'" *Martinez*, 2014 WL 7146846, at *6 (quoting *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004)). In determining whether a defendant understood the consequences of a waiver, the district court is "entitled to rely upon the defendant's sworn statements, made in open court, that he understood that he was waiving his right to appeal a sentence below the Stipulated Guidelines Range." *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Hernandez*, 242 F.3d 110, 112-13 (2d Cir. 2001)). These "waivers are generally enforceable although certain exceptions apply; notably, a defendant's waiver . . . will not be enforced 'if the Government breaches the plea agreement.'" *United States v. Insinga*, 287 F. App'x 960, 962 (2d Cir. 2008) (summary order) (quoting *United States v. Garcia*, 166 F.3d 519, 521 (2d Cir. 1999)).

"In general, plea agreements are subject to ordinary contract law principles, except that any ambiguity is resolved strictly against the Government." *United States v. Cimino*, 381 F.3d

124, 127 (2d Cir. 2004) (internal quotation marks omitted).  A plea agreement must be construed "strictly according to its terms and [courts] will not read into it requirements that, while in accord with its 'spirit,' were not specifically set forth by the parties."  *United States v. Pollack*, 91 F.3d 331, 335 (2d Cir. 1996).  "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement."  *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (citation omitted).

The petition here is dismissed because Dhawan waived his right to challenge any sentence not exceeding 33 months' imprisonment.  The waiver is enforceable because, contrary to Dhawan's assertions, the Government did not breach the plea agreement.  Dhawan does not identify any provision that required the Government to advise him of any of the conditions identified in his moving papers, and he confirmed at his plea hearing that there was no "agreement or promise or understanding between [Dhawan] and the government that is not set forth in th[e plea] agreement."  In the absence of such a provision, the parties could not have reasonably understood such a duty to advise to be a part of the plea agreement.  *Cf. United States v. Phillips*, 143 F. App'x 667, 674 (6th Cir. 2005) (noting that the Bureau of Prisons "has the sole authority to designate a prisoner's place of confinement" (citing 18 U.S.C. § 3621)).  As the Government's alleged breach is the only basis that Dhawan asserts for invalidating the plea agreement's waiver provisions, the waiver is valid and enforceable, and Dhawan's petition is therefore barred.[2]  *See Insinga*, 287 F. App'x at 961 ("Because we conclude . . . that no such

---

[2] Dhawan's argument could be construed as a claim of fraudulent inducement, which would void the plea agreement -- i.e., that the Government fraudulently induced him to plead guilty by failing to disclose the conditions described in his moving papers.  However, basic contract law provides that a claim of fraudulent inducement cannot be based on an omission in the absence of a duty to disclose, for example, as might arise in a fiduciary relationship.  *See* Restatement (Second) of Contracts § 161 (1981) (noting that omission is equivalent to misrepresentation only "to prevent some previous assertion . . . from being fraudulent or

breach occurred in this case, and because breach is the only argument [petitioner] makes to avoid enforcement of his waiver, we dismiss the appeal based on waiver."). Had the Government committed such a breach, Dhawan would still not be entitled to a sentence reduction, which is the relief he seeks. Generally, "[t]he remedy for a breached plea agreement is either to permit the plea to be withdrawn or to order specific performance of the agreement," but in some situations, "remand to a different judge for resentencing would cure the breach caused by the government." *Vaval*, 404 F.3d at 154, 156 (alteration in original).

Even if the waiver in the plea agreement were unenforceable, Dhawan's underlying complaints are without merit. Insofar as he objects to the conditions of his confinement, Dhawan's objections are not properly raised in a § 2255 petition, as "challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241." *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991). Even if Dhawan's § 2255 petition is construed as a § 2241 petition, however, "it must be dismissed because a petition for a writ of habeas corpus pursuant to section 2241 must be filed in 'the district wherein the restraint complained of is had.'" *Reyes v. United States*, No. 07 Civ. 10943, 2009 WL 274482, at *6 (S.D.N.Y. Feb. 3, 2009) (quoting 28 U.S.C. § 2241(a)). As Dhawan is currently imprisoned at Adams County Correctional Center in Natchez, Mississippi, there is no jurisdiction over a § 2241 petition filed in this District. *See id.*

---

material," to "correct a mistake of the other party" or "because of a relation of trust and confidence" between parties). Here, there was no special relationship between Dhawan and that Government that would give rise to a duty to disclose. *Cf. Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010) ("While the Supreme Court acknowledged that 'the more information the defendant has, the more aware he is of the likely consequences of a plea, waiver, or decision . . . ,' it held that 'the Constitution does not require the prosecutor to share all useful information with the defendant.'" (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)). Therefore the plea agreement and its waiver provision are enforceable.

7

To the extent he alleges that he had insufficient notice about consequences related to his immigration status, Dhawan's objections also lack merit.  Dhawan was advised on multiple occasions -- both in writing and in open court -- of the immigration consequences that he likely would face as a result of his plea.  The plea agreement explicitly states that (1) "[t]he defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States" and (2) "the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under [§ 2255] . . . on the basis of any actual perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction." In the plea agreement, Dhawan acknowledged that "at a minimum, he is at risk of being deported or suffering other adverse immigration consequences," and Dhawan agreed to waive his right to challenge his sentence under § 2255 "on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction." At his plea hearing, Dhawan confirmed that he "underst[ood] that there is a strong possibility that [he] will be deported" and affirmed that he and his counsel had discussed "possible, or likely, immigration consequences" of the guilty plea.  At sentencing, the Court reiterated that it was likely that, "when [Dhawan is] released from prison, [he] will be deported and will not be permitted to come back to this country."

**CONCLUSION**

For the foregoing reasons, Dhawan's petition is DENIED without prejudice, subject to refiling as a petition under 28 U.S.C. § 2241 in the district of his confinement.  His motion for expedited adjudication of his petition is DENIED as moot.

The Clerk of Court is respectfully directed to (1) terminate Case No. 15 Civ. 3065; (2) terminate the motion at Docket No. 37 in Case No. 13 Cr. 0711 and (3) mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

Dated: September 25, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**